IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

DARINDA B. B.,

                Plaintiff,

     v.                                     Civil Action No.
                                            6:19-CV-0242 (DEP)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

_____

APPEARANCES:                          OF COUNSEL:

FOR PLAINTIFF

DOLSON LAW OFFICE            STEVEN R. DOLSON, ESQ.
126 North Salina St., Suite 3B
Syracuse, NY 13202

FOR DEFENDANT

HON. GRANT C. JAQUITH        FERGUS J. KAISER, ESQ.
United States Attorney for the     Special Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## ORDER

Currently pending before the court in this action, in which plaintiff

seeks judicial review of an adverse administrative determination by the Commissioner, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are cross-motions for judgment on the pleadings.[1] Oral argument was conducted in connection with those motions on January 23, 2020, during a telephone conference held on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

ORDERED, as follows:

1) Plaintiff's motion for judgment on the pleadings is GRANTED.

2) The Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

2

Social Security Act, is VACATED.

3) The matter is hereby REMANDED to the Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

4) The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: February 6, 2020
Syracuse, NY

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
DARINDA BRIANA B.,

                        Plaintiff,

vs.                                     6:19-CV-242

Commissioner of Social Security,

                        Defendant.
------------------------------------------------------x
```

*DECISION* - January 23, 2020

James Hanley Federal Building, Syracuse, New York

HONORABLE DAVID E. PEEBLES

United States Magistrate-Judge, Presiding


APPEARANCES (by telephone)

| | |
|---|---|
| For Plaintiff: | STEVEN R. DOLSON<br>Attorney at Law<br>126 North Salina Street<br>Syracuse, New York 13202 |
| For Defendant: | SOCIAL SECURITY ADMINISTRATION<br>Office of Regional General Counsel<br>26 Federal Plaza<br>New York, New York 10278<br>  BY:  FERGUS J. KAISER,ESQ. |

*Eileen McDonough, RPR, CRR*
*Official United States Court Reporter*
*P.O. Box 7367*
*Syracuse, New York 13261*
*(315)234-8546*

1 THE COURT: I have before me a request by the
2 plaintiff for judicial review of an adverse determination by
3 the Commissioner of Social Security pursuant to 42, United
4 States Code, Sections 405(g) and 1383(c)(3). The background
5 is as follows.
6 Plaintiff was born in May of 1989. She is
7 currently 30 years old. She was 27 years of age at the time
8 of the amended alleged onset date of December 26, 2016.
9 Plaintiff lives alone in an apartment in Lowville,
10 New York. She stands 5 foot, 2 inches in height and is
11 approximately 202 pounds in weight. Plaintiff does not have
12 a driver's license. Plaintiff completed ninth grade. She
13 was in special education classes classified as learning
14 disabled and attention-deficit/hyperactivity disorder, or
15 ADHD. Plaintiff did not achieve a GED. According to her,
16 she reads at a seventh grade level.
17 Prior to 2015 plaintiff had children. She has a
18 son who has been adopted by others. She has baby twins that
19 were taken from her at birth and are in foster care; she does
20 have some visitation. And she has two older children who are
21 with their father.
22 Plaintiff last worked on December 24, 2007. She
23 was fired. She was at that time working as a call center
24 associate handling calls for Sirius Radio customers. She was
25 fired from that position. Prior to that she worked as a

kitchen helper in a hospital, a meal preparer, and a laborer in a summer youth program.

The Administrative Law Judge examined those positions and concluded that plaintiff did not at any point engage in what can be characterized as substantial gainful activity since her amended onset date. The Administrative Law Judge also concluded at step four that the plaintiff has no past relevant work. He did not consider those positions as substantial gainful employment rising to a level of past relevant work.

Physically, plaintiff testified she does not suffer from any condition that precludes her from performing work functions. That's at page 41 of the Administrative Transcript. She is somewhat obese but it does not appear to limit her ability to perform basic work functions.

Mentally, plaintiff has been diagnosed as suffering from major depressive disorder, learning disability, panic disorder, personality disorder, borderline personality disorder, also possible bipolar disorder. She receives treatment from the Lewis County Mental Health Center, including from Nurse Practitioner April Diles and Nurse Practitioner Chelsea Ashcroft.

Plaintiff has been prescribed Effexor. She also is taking Trazodone to assist her in sleeping. In the past she has also tried Paxil, Zoloft and Celexa. She goes to the

1  mental health center approximately every two weeks or as
2  needed.  Plaintiff was hospitalized in August of 2016 with
3  suicidal ideation.  She was also hospitalized as suicidal in
4  June of 2015.
5              Plaintiff has in the past suffered from substance
6  abuse, including opiates, heroin, cannabis and
7  methamphetamines, beginning around 2015.  She has undergone
8  treatment in various programs.  She has apparently been sober
9  and clean from drugs since December of 2016.
10             In terms of activities of daily living, plaintiff
11 is able to cook, clean, shop, care for her hygiene needs, do
12 laundry, manage finances, she walks, reads, listens to music,
13 she does go bowling, and she likes to play darts.
14             Procedurally, plaintiff applied for Title XVI
15 benefits on August 27, 2015 alleging an onset date of
16 August 27, 2015.  At the hearing in this matter that date was
17 amended to December 26, 2016.  That's at pages 31 and 32 of
18 the Administrative Transcript.
19             In support of her application, plaintiff claimed
20 disability based on her learning disability and emotional
21 disability.  That's at page 150.  A hearing was conducted on
22 February 12, 2018 by Administrative Law Judge Kenneth
23 Theurer.  The ALJ issued a decision on March 28, 2018 finding
24 that plaintiff was not disabled at the relevant times and,
25 therefore, ineligible for the benefits sought.  That became a

1  final determination of the Agency on January 3, 2019 when the
2  Social Security Administration Appeals Council denied
3  plaintiff's request for administrative review by that body.
4      In his decision ALJ Theurer applied the familiar
5  five-step test for determining disability.
6      At step one he concluded plaintiff had not engaged
7  in substantial gainful activity since the amended onset date
8  alleged in the application.
9      At step two he concluded that plaintiff suffers
10 from conditions that do limit her ability to perform
11 work-related functions, including depression, borderline
12 personality disorder, attention-deficit/hyperactivity
13 disorder, panic disorder, and a history of substance abuse.
14      At step three the Administrative Law Judge
15 concluded that plaintiff's conditions do not meet or
16 medically equal any of the listed presumptively disabling
17 conditions set forth in the Commissioner's regulations,
18 specifically considering listings 12.04, 12.06 and 12.08.  In
19 arriving at that conclusion, the Administrative Law Judge
20 gave great weight to the opinions of T. Bruni, at Exhibit 1A,
21 the Agency psychologist that examined plaintiff's records.
22      After making a determination and reviewing the
23 record, ALJ Theurer concluded that plaintiff was capable of
24 performing at a full range of exertional levels with
25 limitations as follows.

　　　　　She retains the ability to understand and follow simple instructions and directions; perform simple tasks with supervision and independently; maintain attention/concentration for simple tasks; regularly attend to a routine and maintain a schedule; she can relate to and interact with others to the extent necessary to carry out simple tasks, but should avoid work requiring more complex interaction or joint effort to achieve work goals; she should have no more than incidental contact with the public and can handle reasonable levels of simple work-related stress in that he -- meaning she, I assume -- can make occasional simple decisions directly related to the completion of his -- meaning her -- tasks in a stable, unchanging work environment.  The ALJ went on to define incidental as more than never and less than occasional.  Simply, the job should not involve direct interaction with the public but the plaintiff does not need to be isolated away from the public.

　　　　　At step four, applying that residual functional capacity, or RFC, finding, he noted that plaintiff did not have any past relevant work, and therefore proceeded to step five.

　　　　　At step five the Administrative Law Judge, after eliciting the testimony of a vocational expert, concluded that despite her conditions and the limitations associated with those conditions, plaintiff is capable of performing

1  available work in the national economy, including as a
2  commercial cleaner, a machine feeder, and a cleaner
3  housekeeping, and, therefore, was not disabled at the
4  relevant times.
5      As you know, my task is limited and the standard
6  that I apply is extremely deferential. I must determine
7  whether substantial evidence supports the determination and
8  whether correct legal principles were applied.
9      The term substantial evidence is construed to mean
10 such relevant evidence as a reasonable mind might accept as
11 adequate to support a conclusion. As the Second Circuit
12 noted in *Brault versus Social Security Administration*, 683
13 F.3d 443, from 2012, this standard is extremely stringent and
14 it means that facts determined by the ALJ can be rejected
15 only if a reasonable fact finder would have to conclude
16 otherwise.
17     The arguments raised by the plaintiff were
18 summarized and center upon the Administrative Law Judge's
19 recitation of the record and whether it was selective, unduly
20 selective, relied on records that predate the alleged amended
21 onset date, and also whether they were accurately stated.
22 And secondly, whether the medical opinions that unanimously
23 show at least some diminution in the ability to perform a
24 schedule and maintain concentration and attention were
25 improperly rejected.

1              Obviously, as a backdrop I note that it is
2     plaintiff's burden through step four to show her limitations.
3     At step five the burden shifts, of course, to the
4     Commissioner.
5              It is unquestionable that the Administrative Law
6     Judge cited many records in his decision, including records
7     from T. Bruni and Dr. Santoro, and records elsewhere as well
8     that predate the amended onset date.  But there is no
9     indication that I could find of any significant deterioration
10    of plaintiff's condition.  And as plaintiff candidly
11    conceded, records that fall outside of the relevant period
12    can be relevant to the condition of the plaintiff during the
13    period in question.  The real issue that I have with this
14    case is in the findings by ALJ Theurer that plaintiff is
15    capable of maintaining attention and concentration for simple
16    tasks and regularly attend to a routine and maintain a
17    schedule.
18             There are three opinions that speak to that.
19    Dr. Santoro at page 209 concluded that plaintiff would have a
20    moderate difficulty in maintaining a regular schedule.
21    T. Bruni at page 64 concluded that plaintiff's ability to
22    perform activities within a schedule, maintain regular
23    attendance, and be punctual within customary tolerances is
24    moderately limited.  In her medical source statement, Nurse
25    Practitioner Chelsea Ashcroft at page 412 concluded that

plaintiff's ability to maintain regular attendance and be punctual within customary, usually strict tolerances was seriously limited.

Those three opinions were given great weight by the Administrative Law Judge and all three indicate some diminution in this area. I understand the reliance on *Flake* and the argument that perhaps this constitutes harmless error because at least a moderate limitation in this area would not necessarily be inconsistent with the ability to perform unskilled work.

The problem I have here is that the Administrative Law Judge affirmatively addressed this issue in his RFC and also in the hypothetical that was based on the RFC and posed to the vocational expert that stated that the plaintiff can regularly attend to a routine and maintain a schedule. There isn't any medical opinion that says that, and the three medical opinions say there is at least some diminution. This could be regarded as falling within the four corners of *Stacy versus Commissioner*, a recent decision. It's reported at 2020 WL 61986 from the Second Circuit, January 7, 2020.

But in any event, in my view the Administrative Law Judge failed and should have discussed this aspect. I understand that Nurse Practitioner Ashcroft is not necessarily an acceptable medical source, but when all three of the only opinions in the record show some diminution,

1  there should have been a discussion, and she being the only
2  person that treated and saw plaintiff on a longitudinal
3  basis, if hers was to be rejected, there should have been an
4  explanation given as to why it was rejected over the opinion
5  of a person who only reviewed her medical records, and
6  significantly long ago, and Dr. Santoro who only examined her
7  once.
8          So I don't find that the determination in this case
9  was supported by substantial evidence.  I don't find
10 persuasive evidence of disability.  So I think that the
11 matter should be remanded to the Agency for further
12 consideration consistent with this decision.
13         I will issue a short form order to that effect.
14 And I want to thank you both for excellent presentations.  It
15 was an interesting case, I enjoyed working on it.  Thank you.
16                *              *              *

C E R T I F I C A T I O N

       I, EILEEN MCDONOUGH, RPR, CRR, Federal Official Realtime Court Reporter, in and for the United States District Court for the Northern District of New York, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

                                    *Eileen McDonough*
                                _____
                                EILEEN MCDONOUGH, RPR, CRR
                                Federal Official Court Reporter